[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15838
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-22873-PCH

SAONARAH JEUDY,

Plaintiff-Appellant,

versus

ATTORNEY GENERAL,
DEPARTMENT OF JUSTICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 26, 2012)

Before TJOFLAT, BARKETT and EDMONDSON, Circuit Judges.

PER CURIAM:

Saonarah Jeudy, a black female who was pregnant during the time period in question, appeals the district court's grant of summary judgment to her former employer, the U.S. Attorney General for the Department of Justice, as to her complaint alleging disability discrimination, pursuant to the Rehabilitation Act, 29 U.S.C. § 791, and discrimination based on race, gender, and pregnancy, and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 3(a)and 16.    Jeudy argues that her supervisors at the federal detention center where she worked as a correctional officer engaged in prohibited behavior when they refused to accommodate her following complications with her pregnancy and when the warden of her institution terminated her.    Jeudy alleges that these actions were based on unlawful discrimination, and were in retaliation for reporting sexual harassment by one of her supervisors.    The district court did not err in granting summary judgment for the reasons discussed below.[1]

I.    Rehabilitation Act Discrimination

First, Jeudy argues that the district court erroneously granted summary judgment on her claim that the defendant unlawfully terminated her based on her pregnancy-related disability, or alternatively based on the defendant's regard of her

---

[1] We review *de novo* a district court's grant of summary judgment.    *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).    Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."    Fed. R. Civ. P. 56(a).

2

as disabled, in violation of the Rehabilitation Act.   *See Mullins v. Crowell,* 228 F.3d

1305, 1313 (11th Cir. 2000) (explaining that federal agencies are prohibited from

discriminating in employment against otherwise qualified individuals with a

disability); *see also* 29 U.S.C. §§ 791, 794(a).   Discrimination claims brought under

the Rehabilitation Act are governed by the same standards as those brought under

the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112.   29 U.S.C. §

794(d); *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000).   A plaintiff makes a

*prima facie* case of disability discrimination by showing that she (1) is disabled, (2)

is a qualified individual, and (3) was subjected to unlawful discrimination because of

her disability.   *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193

(11th Cir. 2004).

Under the first prong, a person is "disabled" only if she suffers from a

physical or mental impairment that substantially limits one or more major life

activities.   29 U.S.C. § 705(9) (B) (incorporating the ADA's definition); *Chanda v.*

*Engelhard/ICC*, 234 F.3d 1219, 1221 (11th Cir. 2000).   "Major life activities" are

"functions such as caring for oneself, performing manual tasks, walking, seeing,

hearing, speaking, breathing, learning, and working."   29 C.F.R. § 1630.2(i);

*Chanda*, 234 F.3d at 1222.   While pregnancy is generally not considered a

disability, a pregnancy-related impairment may be considered a disability, if it

3

substantially limits a major life activity.   29 C.F.R. pt. 1630, App. § 1630.2(h).

Here, we cannot say that the district court erred in concluding that Jeudy failed to raise a genuine issue of fact that her pregnancy qualifies as a disability for purposes of the Rehabilitation Act.   Jeudy argues that during her pregnancy, she suffered from severe pelvic pain due to fibroids on her uterus and that as a result this limited her ability to walk, stand and climb stairs.   The district court, however, concluded that the evidence failed to show that whatever impairment Jeudy suffered from, it did not "substantially limit" these activities.   An impairment "substantially limits" such an activity only if it renders the individual unable to perform "a major life activity that the average person in the general population can perform" or significantly restricted the "condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." *Chanda,* 234 F.3d at 1222.

Jeudy's deposition testimony was that her pain was "off and on," was not an ongoing thing and that she was getting better with the fibroids shortly before the end of her employment.   Also, the note from her doctor merely indicated that Jeudy should not repetitively climb stairs, but did not indicate how, if at all, her ability to walk or stand was impacted by her pregnancy.   Moreover, Jeudy did not present any

4

evidence how her pregnancy-related pain affected her ability to walk, stand or otherwise perform her major life activities.   Accordingly, because we see no error in the district court's conclusion that Jeudy failed to establish that her pregnancy-related complications qualified as a disability, she cannot make out a prima facie case of disability-related discrimination under the Rehabilitation Act.

II.   Race and Sex Discrimination under Title VII

Next, Jeudy argues that the district court erred in granting summary judgment on her claims of race and sex discrimination in violation of Title VII.   In particular, she argues that the defendants discriminated against her based on her pregnancy when they failed to accommodate her and when they terminated her.   Title VII requires that "[a]ll personnel actions affecting employees or applicants for employment . . . in executive agencies . . . be made free from any discrimination based on [race, color, or sex] . . . ."   42 U.S.C. § 2000e-16(a).   "The Pregnancy Discrimination Act amended Title VII to provide that discrimination on the basis of sex includes discrimination 'on the basis of pregnancy, childbirth or related medical conditions.'"   *Holland v. Gee*, ─ F.3d ─, 2012 WL 1292342 *2 (11th Cir. 2012) (citing 42 U.S.C. § 2000e(k)).

Under Title VII, a plaintiff who is relying on circumstantial evidence, as Jeudy does here, must make a requisite showing of a *prima facie* case of

5

discrimination.   *Id.*   To set out a *prima facie* case for disparate treatment, the plaintiff must establish that: (1) she is a member of a protected class; (2) she was qualified to do the job; (3) she suffered an adverse employment action; and (4) similarly situated employees, not of the plaintiff's protected group, were treated differently.   *Wilson v. B/E Aerospace, Inc.,* 376 F.3d 1079, 1087 (11th Cir. 2004). Once a plaintiff makes out a *prima facie* case, "the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions."   *Id.* At that point, the burden shifts back to the plaintiff to show that the reasons provided by the employer are pretext for unlawful discrimination.   *Holland*, 2012 WL 1292342 at 3.

Here, Jeudy argues that she suffered two adverse employment actions, namely (1) the denial of her request for accommodations for her pregnancy by allowing her to work a different shift and to remain seated on the job and (2) her termination. First, we find no error in the district court's conclusion that the denial of Jeudy's request for an accommodation could not be considered a materially adverse employment action, which required Jeudy to establish "a *serious and material* change in the terms, conditions, or privileges of employment," as viewed by a reasonable person in the circumstances.   *Davis v. Town of Lake Park, Fla.,* 245 F.3d 1232, 1240 (11th Cir. 2001).   The denial of Jeudy's request for a shift change did

6

not change any terms of her employment, and indeed, the defendant did not preclude Jeudy from changing her shift if she could find another employee who was willing to switch shifts with her, which she could not.   Instead, no reasonable person would view the defendant's unwillingness to change Jeudy's shift as a serious and material change in her employment where here Jeudy has not shown that her pregnancy-related complications constitute a disability. *See Swain v. Hillsborough County School Bd.,* 146 F.3d 855, 858 (11th Cir. 1998) ("Employers have no duty to accommodate an employee if the employee is not disabled under the ADA.").

The district court, however, found that Jeudy's termination was materially adverse.   Nonetheless, even if we assume that Jeudy established all other elements of her *prima facie* case of unlawful race and sex discrimination based on her termination, we cannot say that the district court erred in granting the defendant summary judgment.   The defendant asserted that it terminated Jeudy because of two separate work infractions that she committed within a few days of each other during her probationary period.   In the first incident, Jeudy brought her cell phone to a staff training at the detention center in violation of an employee policy.   In the second incident, Jeudy failed to properly secure her housing unit during a count by leaving one cell door ajar and unlocked.   Both asserted bases for Jeudy's termination are legitimate, nondiscriminatory reasons which Jeudy has failed to

7

meet head on and rebut, but instead merely "quarrel[s] with the wisdom of th[ose] reasons." *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000).

Finally, Jeudy argues that the district court erred in granting summary judgment on her claim that she was retaliated against for making a complaint of sexual harassment. In order to establish a *prima facie* case for retaliation, a claimant must establish that: (1) he engaged in a statutorily protected activity; (2) he suffered a materially adverse action; and (3) there was a causal link between the protected activity and the adverse action. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008). If a plaintiff makes out a *prima facie* case of retaliation, the burden shifts to the defendant to produce legitimate, non-retaliatory reasons for the adverse action. *Id.* The plaintiff has the ultimate burden to prove retaliation by the preponderance of the evidence and that the employer's reason was pretextual. *Id.*

Even assuming that Jeudy established a *prima facie* case of retaliation, as discussed above, she failed to show that the legitimate reasons given for her termination were pretext for unlawful retaliation.

**AFFIRMED.**

8